UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES SHAWN JUMPING EAGLE,<br><br>Defendant. | CR. 21-50043-JLV<br><br><br><br>ORDER |

On March 3, 2022, Defendant James Jumping Eagle was sentenced to 120 months custody for his conviction of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). (Docket 49). On May 25, 2023, the defendant filed a *pro se* motion asking the court to "reset [the] time to file [an] appeal" and seeking other relief. (Docket 53 at p. 3).

After reviewing the transcript of the March 3, 2022, sentencing hearing, it appears the court failed to advise Mr. Jumping Eagle of his right to appeal his conviction to the United States Court of Appeals for the Eighth Circuit. (Docket 52). However, on March 4, 2022, a waiver and acknowledgement of appeal advisement, signed by both Mr. Jumping Eagle and his attorney, was filed. (Docket 48).

"In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the . . . the entry of . . . the judgment . . . being appealed[.]" Fed. R. App. P. 4(b)(1)(A)(i). The judgment in Mr. Jumping Eagle's case was filed on March 8, 2022. (Docket 49). Pursuant to Rule 4,

the deadline for filing defendant's appeal was March 22, 2022.  Fed. R. App. P. 4(b)(1)(A)(i).

Mr. Jumping Eagle claims his attorney failed to provide him with a copy of the judgment.  (Docket 53 at p. 2).  He asserts his attorney indicated "she [would] send over a paper for me to sign to help me appeal."  Id.  Mr. Jumping Eagle acknowledges he signed the document sent to him by his attorney and that "a month later [his attorney] said that [I] didn't sign an appeal but a form stating that [I] knew the Judge didn't say I had a right to appeal."  Id.

"Unlike Federal Rule of Appellate Procedure 4(a), Rule 4(b) is not grounded in statute and is set forth only in a court-prescribed rule of appellate procedure.  Court-prescribed rules of practice and procedure, as opposed to statutory time limits, do not create or withdraw federal jurisdiction."  United States v. Watson, 623 F.3d 542, 545 (8th Cir. 2010) (internal quotation marks and citation omitted).  "Rule 4(b) is thus a claim-processing rule . . . . In accordance with all other circuits that have considered the issue, we hold that Rule 4(b) is not jurisdictional."  Id. at 545-46 (internal citations omitted).  See also United States v. Whitbeck, 869 F.3d 618, 619 (8th Cir. 2017) ("The time limit on criminal appeals is a claims-processing rule[.]") (referencing Watson, 623 F.3d at 545-46).

"Upon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from

2

the expiration of the time otherwise prescribed by this Rule 4(b)."  Fed. R. App.
P. 4(b)(4).  Even though Rule 4(b)(4)'s "time constraints are not jurisdictional
limitations, 'Rule 4(b)'s timeliness requirements [are] inflexible and assure relief
to a party properly raising them.' "  United States v. Starks, 840 F.3d 960 (8th
Cir. 2016) (brackets in original) (citing Watson, 623 F.3d at 546).

The waiver and acknowledgement executed by Mr. Jumping Eagle is
clear and self-explanatory.  (Docket 48).  The waiver and acknowledgement
cannot be interpreted as Mr. Jumping Eagle's directive to his attorney to file a
notice of appeal.  At no time prior to March 22, 2022, or prior to April 24,
2022, the 30-day extension period authorized by Fed. R. App. P. 4(b)(4), did Mr.
Jumping Eagle file a notice of appeal or seek an extension of the time to file an
appeal.  No good cause appearing, the court must deny defendant's motion for
an extension of the time to file an appeal.

In Mr. Jumping Eagle's motion, he also seeks a copy of the judgment and
sentencing transcript in his case to assist him in filing a "motion to vacate, set
aside, or correct [his] sentence pursuant to 28 U.S.C. § 2255."  (Docket 53 at
p. 1).  In his motion, Mr. Jumping Eagle asserts his attorney coerced him "into
taking that plea agreement . . . and gave [him] ineffective assistance of
counsel[.]"  Id. at p. 2.

Equitable tolling of the one-year statute of limitations under the
Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132
(1996), is available to a § 2255 petitioner.  United States v. Martin, 408 F.3d

3

1089, 1092 (8th Cir. 2005). "Equitable tolling should only apply where the petitioner or movant has demonstrated diligence in pursuing the matter." Id. at 1095. "The one-year statute of limitation may be equitably tolled only if [the movant] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013) (internal quotation marks omitted; citing Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

"[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001) (citing United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000)). "Prior to an actual filing, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory." Id. (citing Leon, 203 F.3d at 164; internal quotation marks omitted).

"It is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." Id. at 83 (internal quotation marks and citation omitted; referencing Haines v. Kerner, 404 U.S. 519, 520 (1972) (The allegations in a pro se complaint are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers"; brackets and other references omitted). "Where a motion, nominally seeking an extension of time, contains allegations

sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, under Haines to treat that motion as a substantive motion for relief under section 2255." Id. "[If[ the motion contains allegations supporting a claim for relief under section 2255 . . . the district court should construe it as such, and then decide whether the motion is timely." Id. "If it does not, the district court has no jurisdiction under Leon to consider the motion." Id. If the motion for an extension of time to file a § 2255 petition does not contain a single reference to any cognizable claim under § 2255, the court does not err by dismissing the motion. Id. at 84.

In this case, Mr. Jumping Eagle's motion offers an allegation of the claim for relief which he intends to assert under § 2255, that is, ineffective assistance of counsel. (Docket 53). The court concludes the motion could be liberally construed to be a § 2255 motion. Green, 260 F.3d at 83.

Questions remain as to whether Mr. Jumping Eagle's § 2255 motion was timely filed[1] or whether equitable tolling of the one-year statute of limitations is available to Mr. Jumping Eagle as a § 2255 petitioner.[2] These questions must be resolved in Mr. Jumping Eagle's § 2555 proceeding. Accordingly, it is

ORDERED that defendant's motion (Docket 53) is granted in part and denied in part.

---

[1]See 28 U.S.C. § 2255(f)(1) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final[.]".

[2]Martin, 408 F.3d at 1092.

IT IS FURTHER ORDERED that defendant's motion to reset the time to file an appeal is denied.

IT IS FURTHER ORDERED that the defendant's motion for a copy of the judgment (Docket 49) is granted.

IT IS FURTHER ORDERED that the defendant's motion for a copy of the sentencing transcript (Docket 52) is granted.

IT IS FURTHER ORDERED that on or before **June 26, 2023**, Mr. Jumping Eagle shall file an amended application on the form available from the Clerk of Court which complies with Rule 2 of the Rules Governing Section 2255 Proceedings.

IT IS FURTHER ORDERED that Mr. Jumping Eagle's motion (Docket 53) and a copy of this order shall be opened by the Clerk of Court as a new § 2255 case captioned <u>James S. Jumping Eagle, Petitioner, v. United States, Respondent</u>, and all further pleadings shall be filed in that case.

IT IS FURTHER ORDERED that the Clerk of Court shall provide a copy of this order, together with a copy of the judgment (Docket 49), a copy of the transcript (Docket 52) and a copy of a § 2255 application, to Mr. Jumping Eagle.

Dated May 30, 2023.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE