UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JAMES SHAWN JUMPING EAGLE,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:23-CV-05036-KES<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

Petitioner, James Shawn Jumping Eagle, a federal inmate at the Pennington County Jail, filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docs. 1 & 7).[1] The United States filed an answer, a motion to dismiss Jumping Eagle's motion, and a memorandum in support. (Docs. 28, 29, & 30). Jumping Eagle did not respond to the government's motion.

The pending motion was referred to the Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and United States District Court District of South Dakota's local rules, LR 57.11(B).

---

[1] The court cites to documents in Jumping Eagle's civil habeas case by citing the docket number. Documents cited from Jumping Eagle's underlying criminal case, United States v. Jumping Eagle, 5:21-cr-50043, will be cited "CR" followed by the docket number.

1

## BACKGROUND

Jumping Eagle was indicted for Failure to Register as a Sex Offender. (CR 21). Attorney Jennifer Albertson represented Jumping Eagle for the entirety of the case. (CR 14). Pursuant to a written plea agreement, Jumping Eagle pleaded guilty. (CR 24). On March 3, 2022, the district court sentenced Jumping Eagle to serve a term of 120 months' custody and 5 years' supervised release. (CR 49). The next day, Jumping Eagle signed an acknowledgement that counsel had advised him and he understood and "acknowledge[d] that if [he] wish[ed] to file an appeal it must be filed within 14 calendar days after the filing of [the] judgment." (CR 48). Jumping Eagle did not appeal.

## DISCUSSION

The statute of limitations for § 2255 motions is as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2255(f).

Of the four specified dates listed in § 2255(f), only one is relevant here-"the date on which the judgment of conviction becomes final." Id.  A judgment is deemed final "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed [or a petition for certiorari finally denied...]." United States v. Johnson, 457 U.S. 537, 543, n. 8 (1982) (citation omitted); see also Clay v. United States, 537 U.S. 522, 527 (2003) (for the purpose of starting § 2255's one-year limitation period, "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). The time for filing a petition for certiorari is 90 days after entry of the court of appeals' judgment. Clay, 537 U.S. at 525.

Because Jumping Eagle did not appeal, his conviction became final when the time for filing a direct appeal expired, on March 22, 2022, which was fourteen days after the judgment (CR 49) was entered.  Fed. R. App. P. 4(b)(l)(A)(i)).

On May 25, 2023, Jumping Eagle filed a *pro se* motion asking the court to "reset [the] time to file [an] appeal" and seeking other relief.  (CR 53, p. 1; Doc. 1, p. 1).  Jumping Eagle stated he is "hav[ing] problems with filing [his]] 2255 Motion" as "[t]he U.S. District Court and U.S. Attorney's office created an impediment through Jennifer Albertson misleading [him] and provid[ing] misrepresentations to prevent [him] from filing." Id.  He asked the court to "reset [his] time to file the appeal by amending the Judgment[.]" Id. at p. 3.

On May 30, 2023, the district court held that "[n]o good cause appearing, the court must deny defendant's motion for an extension of the time to file an appeal." (CR 54, p. 3).

On June 26, 2023, Jumping Eagle filed his § 2255 motion raising the following arguments:

> (1) he was prevented from making a § 2255 motion because the government prevented counsel from giving him a copy of the judgment of conviction;
>
> (2) the district court violated Fed. R. Crim. P. 32(a)(2) when it did not notify him of the right to appeal;
>
> (3) Judge Viken was biased and prejudiced against him, and counsel "took up for Judge Viken because they personally liked each other";
>
> (4) Judge Viken violated his constitutional rights by sentencing him based on state criminal charges, but Jumping Eagle "wanted to be convicted and sentenced by a jury or jury trial";
>
> (5) counsel failed to consult with him or conduct an adequate pretrial investigation, failed to prepare a defense, and coerced him to waive his right to a speedy trial, coerced him to plead guilty, failed to file substantive objections to the Presentence Investigation Report, and coerced him into signing the appeal acknowledgement.

(Doc. 7 at 5-6).

As noted above, Jumping Eagle's conviction became final when the time period for filing an appeal to the Eighth Circuit Court of Appeals expired, which was March 22, 2022.

As such, the deadline for filing the present habeas petition was March 22, 2023.[2] Jumping Eagle's present §2255 habeas petition was not filed until June 26, 2023, which is untimely. Therefore, Jumping Eagle's petition must be dismissed absent equitable tolling.

I.  **Equitable Tolling**

In the Eighth Circuit, the doctrine of equitable tolling applies to § 2255 motions. United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005). Equitable tolling is an extraordinary remedy used only in rare circumstances and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002). " '[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.' " Jihad, 267 F.3d at 806 (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

---

[2] Jumping Eagle acknowledges that his motion is untimely and states he is "claiming 28 U.S.C. 2255(f)(2) impediment to making a motion created by governmental action in violation of the constitution or laws of the United States, movant was prevented from making a motion. The U.S. Government prevented [his] attorney Jennifer Albertson [from giving him] a copy of [his] Judgment of Conviction to have date-time-case number and the Judgment to file with [his] 2255 Motion." Id. at p. 4.

Jumping Eagle failed to assert how the United States prevented his attorney from giving him materials; rather he makes a blanketed assertion that this occurred. Jumping Eagle does not show how the United States acted in violation of the Constitution or laws of the United States. Id.; see Sanchez v. United States, 170 Fed. Appx. 643, 647 (11th Cir. 2006) (alleged government impediment must be unconstitutional to afford relief under § 2255(f)(2)). Further, he does not assert how the impediment prevented him from exercising his fundamental right of access to the courts.

Jumping Eagle failed to show any governmental action prevented him from making his motion; therefore, Section 2255(f)(2) is unapplicable to this case. The statute of limitations is thus governed by Section 2255(f)(1).

Equitable tolling is only applicable in two instances: "(1) if there are extraordinary circumstances beyond a movant's control that would keep him from filing in a timely fashion or (2) if the government's conduct 'lulled' the movant into inaction through reliance on that conduct." United States v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006) (internal citations omitted). "Equitable tolling only applies when the circumstances that cause the delay in filing are 'external to the plaintiff and not attributable to his actions.' " Id. at 858 (citing Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005)) (additional citations omitted). Further, [t]he petitioner must also demonstrate that he acted with due diligence in pursuing his [§ 2225] petition. E.J.R.E. v. United States, 453 F.3d 1094, 1097 (8th Cir. 2006). The burden is on Jumping Eagle to demonstrate circumstances exist which would justify equitable tolling. Id.

Equitable tolling is a remedy used only in rare circumstances that affords the otherwise time-barred petitioner an "exceedingly narrow window of relief." Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005) (quoting Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001)).

In the present case, Jumping Eagle asserts that his "court appointed counsel Jennifer Albertson coerced [him] to not appeal. She said [he] cannot appeal. Jennifer Albertson will not file the appeal for [him]." (Doc. 7, p. 3).

The Eighth Circuit has consistently held that "[i]neffective assistance of counsel generally does not warrant equitable tolling." Sellers v. Burt, 168 F. App'x 132, 133 (8th Cir. 2006) (quoting Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002)); see United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005)

("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard."). Further the lack of access to a transcript "does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling". Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001); see Loren Two Bulls v. Reisch, 11-cv-5032-JLV (D.S.D. Mar. 26, 2012); see also Baker v. Norris, 321 F.3d 769, 771–72 (8th Cir. 2003) (limited access to law library and advance sign-up did not warrant equitable tolling); Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (delays in obtaining trial transcript).

Therefore, regardless of counsel's conduct, Jumping Eagle's ineffective assistance of counsel claim cannot serve as an extraordinary circumstance that prevented him from timely filing his § 2255 motion.

Further, Jumping Eagle asserted no facts on how he diligently pursued his rights. See Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008); Ramos-Martinez v. United States, 638 F.3d 315, 322-23, 325 (1st Cir. 2011).

Jumping Eagle failed to show extraordinary circumstances prevented him from timely filing or he was diligent in pursuing the § 2255 motion, both of which are required to establish equitable tolling. Thus, his motion is untimely.

## CONCLUSION

Based on the foregoing facts, law and analysis, this court respectfully recommends that Jumping Eagle's § 2255 motion to vacate, set aside, or correct his sentence (Doc. 7) be denied with prejudice as untimely. It is further

recommended that the United States' Motion to Dismiss (Doc. 29) be granted. The court further recommends that no certificate of appealability be issued.

## NOTICE OF RIGHT TO APPEAL

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id. Objections must be timely and specific in order to require de novo review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 16th day of January, 2024.

BY THE COURT:

_____
Daneta Wollmann
United States Magistrate Judge